1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 2/16/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID E. PATTERSON,                )        No. C 10-0063 RMW (PR)
                                   )
            Petitioner,            )        ORDER DENYING PETITION
                                   )        FOR WRIT OF HABEAS
    vs.                            )        CORPUS; DENYING
                                   )        CERTIFICATE OF
C. NOLL, Warden,                   )        APPEALABILITY
                                   )
            Respondent.            )
_____)

        Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  Respondent was ordered to show cause why the writ should not be granted.

Respondent has filed an answer, along with a supporting memorandum of points and authorities

and exhibits.  Petitioner has responded with a traverse.  For the reasons set forth below, the

petition for a writ of habeas corpus is DENIED.

                                   **BACKGROUND**

        On January 7, 1983, petitioner was sentenced to a term of 25 years-to-life in state prison

after his conviction for first degree murder in Los Angeles County Superior Court.  At his parole

suitability hearing on March 4, 2009, the Board of Parole Hearings ("Board") found petitioner to

be unsuitable for parole.  Petitioner challenged this decision unsuccessfully in habeas petitions

filed in all three levels of the California courts.  Petitioner thereafter filed the instant petition.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Williams, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  Miller-El, 537 U.S. at 340.  The court must

1  presume correct any determination of a factual issue made by a state court unless the petitioner

2  rebuts the presumption of correctness by clear and convincing evidence.  See 28 U.S.C. §

3  2254(e)(1).

4  **B.**    **Petitioner's Claims**

5          As grounds for federal habeas relief, petitioner claims that the denial of parole violated

6  his due process rights because there is insufficient evidence that he is currently a danger to

7  society and because the Board relied on the immutable fact of his commitment offense while

8  ignoring his efforts at rehabilitation.

9          The Supreme Court has recently made clear that a prisoner's federal due process claim

10  regarding a denial of parole is limited to whether he received the minimum procedures necessary

11  under the federal constitution.  Swarthout v. Cooke, No. 10-333, 2011 WL 197627 (U.S. Jan. 24,

12  2011) (per curiam).  Specifically, this court's inquiry is limited to whether petitioner was given

13  an opportunity to be heard, and given a statement of reasons for the denial.  Id. at *2, citing

14  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).   Because

15  petitioner does not contend that he was denied either of these, and the court's review of the

16  record indicates that in fact he was afforded both, his due process claims are without merit.

17                                         **CONCLUSION**

18          For the reasons set forth above, the petition for writ of habeas corpus is DENIED.  The

19  clerk shall close the file.

20                          **CERTIFICATE OF APPEALABILITY**

21          The federal rules governing habeas cases brought by state prisoners require a district

22  court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its

23  ruling.  Petitioner has failed to make a substantial showing that his claims amounted to a denial

24  of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his

25  claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA

26  is DENIED.

27

28

1

2          IT IS SO ORDERED.

3    DATED:  _2/15/11_____

4                                              RONALD M. WHYTE
                                               United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28